UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Abdul M. Kamara,<br><br>      Plaintiff,<br> v.<br><br>TD Bank, N.A.,<br><br>      Defendant. | Civil Action No. 1:23-cv-01684-RMB-MJS |

## ANSWER

TD Bank, N.A. ("TD Bank") hereby answers the Class Action Complaint and Jury Demand. Except as hereinafter expressly admitted, TD Bank denies each and every allegation, statement, heading, and matter contained in the Complaint.

## INTRODUCTION

1. TD Bank admits only that Plaintiff purports to bring a lawsuit under the FCRA for the persons described in Paragraph 1. Further, some of the allegations contained in Paragraph 1 contain conclusions of law to which no responsive pleading is required. TD Bank otherwise denies the allegations in Paragraph 1.

2. TD Bank admits only that it updated furnishing for certain mortgage accounts, which accounts had been affected by issues experienced by TD's print vendor NCP Solutions. TD Bank otherwise denies the allegations in Paragraph 2.

3. TD Bank denies the allegations in Paragraph 3.

4. TD Bank denies the allegations in Paragraph 4.

5. TD Bank denies the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 states conclusions of law to which no response is required.

7. Paragraph 7 states conclusions of law to which no response is required.

8. Paragraph 8 states conclusions of law to which no response is required. To the extent a response is required, TD Bank does not contest venue in this action.

## PARTIES

9. Paragraph 9 states conclusions of law to which no response is required.

10. TD Bank admits only that it is a national bank. Paragraph 10 otherwise states a conclusion of law to which no response is required.

## FACTUAL ALLEGATIONS

11. Paragraph 11 states conclusions of law to which no response is required.

12. Paragraph 12 states conclusions of law to which no response is required.

13. Paragraph 13 states conclusions of law to which no response is required.

14. Paragraph 14 states conclusions of law to which no response is required.

15. Paragraph 15 states conclusions of law to which no response is required.

16. Paragraph 16 states conclusions of law to which no response is required.

17. Paragraph 17 states conclusions of law to which no response is required.

18. Paragraph 18 contains allegations not directed at TD Bank. TD Bank lacks knowledge or information about "most, if not all credit scoring models" sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the allegations in Paragraph 18.

19. TD Bank admits only that it makes loans to consumers for the purchase and/or refinance of residential real estate and secures these loans with mortgages. TD Bank otherwise denies the allegations in Paragraph 19.

20.     TD Bank admits only that it furnishes information concerning its mortgage loan customers' payment history to one or more CRAs. TD Bank otherwise denies the allegations in Paragraph 20.

21.     TD Bank admits that it had an agreement with NCP Solutions for the preparation and mailing of periodic mortgage account statements to TD's mortgage loan customers. TD otherwise denies the allegations in Paragraph 21.

22.     TD Bank admits that between October 2020 and June 2021, its print vendor NCP Solutions had issues with the mailing of mortgage loan periodic statements. TD Bank otherwise denies the allegations in Paragraph 22.

23.     TD Bank denies the allegations in Paragraph 23.

24.     TD Bank admits that Plaintiff entered into a mortgage loan with TD Bank.

25.     TD Bank admits only that it furnished information concerning Plaintiff's mortgage payment history to one or more CRAs. TD Bank otherwise denies the allegations in Paragraph 25.

26.     TD Bank admits only that its print vendor NCP Solutions had issues with the mailing of Plaintiff's mortgage loan periodic statements for November, January, and December 2020. TD Bank otherwise denies the allegations in Paragraph 26.

27.     TD Bank denies the allegations in Paragraph 27.

28.     TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29.     To the extent the allegations in Paragraph 29 purport to characterize written documents, those documents speak for themselves. Further, TD Bank lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. To the extent the allegations in Paragraph 30 purport to characterize written documents, those documents speak for themselves. Further, TD Bank admits only that Plaintiff sent a communication to TD Bank, received February 21, 2022, disputing TD Bank's furnishing of his mortgage payment history. TD otherwise denies the allegations in Paragraph 30.

31. TD Bank admits that it received communications from TransUnion, Equifax, and Experian, on January 8, 2022, January 10, 2022, and January 14, 2022, respectively, regarding Plaintiff's mortgage payment history.

32. TD Bank admits that it responded to the communications from TransUnion, Equifax, and Experian, verifying Plaintiff's account information and mortgage payment history.

33. Paragraph 33 conflates (a) TD Bank's "January 2022 responses to the above CRA disputes" with (b) TD Bank's "subsequent furnishing of that information to one or more CRAs," making it impossible to understand which communication Paragraph 33 concerns. On that basis, TD Bank denies the allegations of Paragraph 33.

34. TD Bank denies the allegations in Paragraph 34.

35. To the extent the allegations in Paragraph 35 purport to characterize written documents, those documents speak for themselves. Further, TD Bank admits the allegations in Paragraph 35.

36. Paragraph 36 contains allegations not directed at TD Bank. Further, TD Bank lacks access to the disclosures received by Plaintiff, so TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Paragraph 37 contains allegations not directed at TD Bank. Further, TD Bank lacks access to the disclosures received by Plaintiff, so TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38. To the extent the allegations in Paragraph 38 purport to characterize written documents, those documents speak for themselves. Further, TD Bank admits the allegations in Paragraph 38.

39. Paragraph 39 contains allegations not directed at TD Bank. Further, TD Bank denies the allegations in Paragraph 39.

40. Paragraph 40 states conclusions of law to which no response is required.

41. Paragraph 41 states conclusions of law to which no response is required.

42. Paragraph 42 states conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 42.

## CLASS ALLEGATIONS

43. TD Bank admits that Plaintiff purports to bring this case on behalf of a putative class defined in Paragraph 43. TD Bank denies that this lawsuit satisfies the requirements of Federal Rule of Civil Procedure 23 and therefore denies the allegations in Paragraph 43.

44. The allegations in Paragraph 44 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 44.

45. The allegations in Paragraph 45 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 45.

46. The allegations in Paragraph 46 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 46.

47. The allegations in Paragraph 47 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 47.

48. The allegations in Paragraph 48 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 48.

49. The allegations in Paragraph 49 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 49.

50. The allegations in Paragraph 50 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 50.

## REQUESTS FOR RELIEF

## COUNT ONE

51. For its answer to the allegations in Paragraph 51, TD Bank adopts by reference its statements in answer to the allegations that Paragraph 51 adopts by reference.

52. The allegations in Paragraph 52 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 52.

53. The allegations in Paragraph 53 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 53.

## COUNT TWO

54. For its answer to the allegations in Paragraph 54, TD Bank adopts by reference its statements in answer to the allegations that Paragraph 54 adopts by reference.

55. The allegations in Paragraph 55 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 55.

56. The allegations in Paragraph 56 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 56.

## PRAYER FOR RELIEF

57. To the extent any response is required to Plaintiff's wherefore clauses, TD Bank denies each and every allegation contained therein and denies that Plaintiff is entitled to the requested relief, including without limitation certifying the proposed clauses.

## DEFENSES

TD Bank asserts the following defenses based on its current knowledge and information, reserving the right to withdraw any of these defenses or to assert additional defenses as further information becomes available, and without any admission as to the burden of proof, burden of persuasion, or truth of any allegation in the Class Action Complaint and Jury Demand.

### First Defense

Plaintiff has not been injured and therefore lacks standing under Article III of the Constitution.

## Second Defense

To the extent Plaintiff suffered any damages, they are the result of his own conduct and/or the conduct of third parties over whom TD Bank exercises no control.

## Third Defense

Plaintiff would be unjustly enriched if he were to recover monetary damages sought by the Complaint.

## Fourth Defense

A statutory damages award under the FCRA would be excessive in comparison to any harm suffered, if any, and therefore would violate the Due Process Clause of the Fifth Amendment.

## Fifth Defense

The proposed class action fails to meet the requirements of Federal Rule of Civil Procedure 23.

## Sixth Defense

Even if not applicable to Plaintiff, some or all of the defenses asserted above may be applicable to one or more of the putative class members whom Plaintiff may seek to represent. In the event that any attempt is made to certify a class in this action, TD Bank reserves the right to identify and advance any further defenses that may apply to persons other than the named Plaintiff.

## Seventh Defense

TD Bank expressly reserves the right to raise additional affirmative defenses that it discovers are relevant to this case under the applicable law and facts.

# PRAYER

WHEREFORE, premises considered, Defendant TD Bank, N.A. prays that the Court dismiss Plaintiff's claims with prejudice and for all other relief to which it may show itself to be justly entitled.

Dated: May 5, 2023

                                        Respectfully submitted,

                                        BROWN & CONNERY, LLP

                                        *s/ Susan M. Leming*
                                        Susan M. Leming
                                        360 Haddon Avenue
                                        Westmont, NJ 08108
                                        Telephone: (856) 854-8900
                                        Facsimile: (856) 858-4967
                                        sleming@brownconnery.com

                                        Noah Levine (*pro hac vice* forthcoming)
                                        WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                        7 World Trade Center
                                        250 Greenwich St.
                                        New York, NY 10007
                                        Telephone: (212) 230-8875
                                        Facsimile: (212) 230-8888
                                        Noah.levine@wilmerhale.com

                                        *Attorneys for Defendant TD Bank, N.A.*