UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ABDUL M. KAMARA,

    *Plaintiff*,

        v.

TD BANK, N.A.,

    *Defendant*.

Case No. 1:23-cv-01684-RMB-MJS

## MOTION FOR LEAVE TO AMEND COMPLAINT

### I.    INTRODUCTION

Plaintiff Abdul M. Kamara seeks leave to amend his complaint to remove class allegations because he no longer wishes to serve as a class representative and for reasons of efficiency. Mr. Kamara wishes to pursue individual claims against Defendant TD Bank, N.A. Pursuant to the Scheduling Order, the deadline for motions seeking the amendment of the pleadings is today, July 14, 2023, and a party must show good cause for an amendment only if it is made *after* this deadline. ECF 16 at ¶ 5. Plaintiff meets the deadline. *Id.*

Plaintiff conferred with Defendant and sought consent for this motion, but as of the time of this filing, Defendant has not responded as to whether it consents to or objects to the proposed amended pleading and instead has advised that it needs additional time to consider the request, which was made following discussions during the previous two days. *See* Exhibit A, a true and correct copy of email correspondence between counsel for Plaintiff and Defendant in this matter concerning the timing of this request and the parties' related meet-and-confer efforts.

Whether opposed or not, Plaintiff's current motion should be granted because this case is at the earliest procedural stages. No discovery has been taken, no merits or class issues or class member claims have been adjudicated, and no motion for class certification (or any other motion) has been filed. A proposed Amended Complaint is attached hereto as Exhibit B. A version indicating the respects in which the Amended Complaint differs from the original is attached hereto as Exhibit C.

## II.    ARGUMENT

Under Rule 16, the parties jointly submitted a proposed scheduling order, which the Court approved here, that set a deadline for amendments to the pleadings of July 14, 2023. ECF 16 at ¶ 5. In general, leave to amend a pleading before trial should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). Granting leave to amend is appropriate if the record reflects an absence of (1) the moving party's undue delay, bad faith, or dilatory motives, (2) the futility of the amendment, or (3) prejudice the non-moving party. *Federal Deposit Insurance Corp. v. Bathgate*, 27 F.3d 850, 874 (3d Cir. 1994). Here, granting leave to amend is warranted.

First, Plaintiff's motion is timely, brought in good faith, and was filed within the period for amendments to the pleadings set forth in the operative Scheduling Order. ECF 16 at ¶ 5. *See Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D.

463, 469 (D.N.J. 1990) (interplay between Rules 15(a) and 16(b) requires good cause for amendment only after expiration of period set forth in scheduling order).[1]

Second, the proposed amendment here is not futile as Mr. Kamara's amended complaint asserts well-known claims under the Fair Credit Reporting Act, alleging that TD Bank failed to correct errors on his credit report after he disputed them. The amendment addresses Mr. Kamara's claims concerning credit reporting during a trial period plan Defendant offered him for his mortgage.

Third, the amendment does not prejudice Defendant as this case is at the earliest procedural stages and Mr. Kamara's proposed amendment does not add new claims and, in fact, reduces Defendant's potential exposure in this matter, and promotes efficiencies. This strongly favors granting leave to amend. *Cornell v.*

---

[1] Mr. Kamara filed this lawsuit in New Jersey state court, and Defendant removed it. *See* ECF 1. However, since that time, Plaintiff has determined that he no longer wishes to serve as a class representative. Rule 23 contemplates this sort of development and, before certification, allows a party to dismiss class allegations without court approval or notice to the class. FED. R. CIV. P. 23(e)(1); *see also* Advisory Committee Notes to 2003 Amendment (noting deletion from Rule 23(e)(1) of "the requirement that the parties must win court approval for a precertification dismissal or settlement"); As the Wright & Miller treatise puts it, "settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)." 7B Charles Alan Wright & Arthur R. Miller, FEDERAL PRAC. & PROC., *Settlement, Voluntary Dismissal, or Compromise of Class Actions-Purpose and Scope of Rule 23(e)* § 1797 (3d ed. 2021). In those instances, the settlement or dismissal binds only the proposed class representative and the defendant, and the claims of absent members of the potential class are not affected. *See Manual for Complex Litigation*, Fourth, § 21.312 ("If individual members settle individual claims before class certification, notice to the class is not required even if the class claims have been dismissed without prejudice or withdrawn."). Here, Plaintiff has neither moved for, nor has this Court granted, class certification. Thus, granting leave to amend here does not require court approval or notice to the members of the class previously alleged. Plaintiff also notes that this motion further seeks to address Defendant's concerns about potentially overlapping litigation brought separately by Plaintiff's fiancée and co-obligor. *See* Ex. A.

*Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (prejudice to the non-moving party is the most important factor).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant motion and that the Amended Complaint attached as Exhibit B hereto be entered.

Dated: July 14, 2023

Respectfully submitted,

ABDUL M. KAMARA, *by his attorneys,*

*/s/John Soumilas*
John Soumilas
James A. Francis
Jordan M. Sartell (admitted *pro hac vice*)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
215-735-8600
jsoumilas@consumerlawfirm.com
jfrancis@consumerlawfirm.com
jsartell@consumerlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically and served upon all parties of record via the CM/ECF system.

Dated: July 14, 2023  /s/ *John Soumilas*
John Soumilas